UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Docket No.: 01-00079-01ML |
| -against- | : | |
| | : | |
| | : | |
| RICHARD GAMBARO | : | |
| Defendant | : | |
| | : | |

MOTION TO MODIFY TERM
OF IMPRISONMENT, PURSUANT
TO 18 U.S.C. §3582(c)(2)

COMES NOW, the Defendant, Richard Gambaro, Pro Se, a federal prisoner at the Federal Correctional Institution, Fairton, New Jersey. Defendant respectfully requests that this Honorable Court modify his sentence under Amendment "706" of the 2007 United States Sentencing Guidelines ("USSG") Subsection 1B1.10 (c).

In support, Defendant shows to the Court as follows:

STATEMENT OF FACTS

The Defendant was in custody with the State of Rhode Island, serving a sentence for a drug offense, when a federal arrest warrant was issued on August 08, 2001.

The Defendant was arrested in connection with an investigation that targeted public housing complex in Providence and Woonsocket. During the investigation, Defendant, on two (2) separate occasions, [04/26/2001 and 05/10/2001] distributed and sold to a government's cooperating person, a substance positive for cocaine base (crack) with a total weight of fifty-three (53) grams.

On January 22, 2002 the Defendant appeared before the Honorable. Mary M. Lisi, United States District Judge, and pled guilty to two (2) count indictment, charging him with distribution of cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), a class "B" felony.

Under guideline §2D1.1(c)(4), the base offense level for violation of Title 21 U.S.C. § 841, was thirty-two (32) for offenses involving at least fifty (50) grams, but less than one-hundred and fifty (150) grams of cocaine base. With a three (3) point adjustment for accepting responsibility, defendant's total offense level was twenty-nine (29). The Presentence Report ("PSR") calculated defendant's guideline sentencing range to be 151-188 months imprisonment, based on a total offense level of 29 and a criminal history category VI.

On July 02, 2002 the sentencing Court adopted the recommendations of the PSR and sentenced Defendant to 151 months in prison, followed by a five (5) years supervised release.

REDUCTION IN TERM OF IMPRISONMENT
AS A RESULT OF AMENDMENT GUIDELINE
RANGE (POLICY STATEMENT §1B1.10)

In general, in a case in which a Defendant is serving a term of imprisonment, and the guideline range applicable to that Defendant has subsequently been lowered as a result of an Amendment to the guidelines manual listed in Subsection (c), the Court may reduce the Defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

In determining whether, and to what extent a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and the policy statement is warranted, the Court shall determine the amended guideline range that would have been applicable to the Defendant if the Amendment(s) to the guidelines listed in Subsection (c) has been in effect at the time the Defendant was sentenced.

I. COCAINE BASE (CRACK) AMENDMENT

On April 27, 2007 the United States Sentencing Commission ("USSC") promulgated an amendment to the guidelines §2D1.1 (unlawful manufacturing, importing, exporting or trafficking [including possession with intent to commit these offenses]; attempt or conspiracy) to adjust the quantity threshold for cocaine base (crack) so that the base offense level for cocaine base as determined by the drug quantity table, will be reduced by two (2) levels.

The Issue was clarified and made retroactive by Amendment "706" of 2007, the guidelines' commentary to Subsection 2D1.1, applicable note.

Amendment "706" is retroactive because it is listed in Subsection (c) of 1B1.10, and is a clarification of the guidelines.

The first problem with the changes to §1B1.10 is that they are designed to limit a court's ability to resentence a crack defendant in accord with the applicable §3553(a) factors, thereby requiring the Court to violate its obligation under §3582(c)(2) to "consider the factors set forth in §3553(a) to the extent that they are applicable" when reducing a sentence. In particular, amended §1B1.10 would require the District Court to grant, at most, a two level reduction in every case even if the resulting sentence would still be greater than necessary to serve the purpose of sentencing or create unwarranted disparity or otherwise contradict an applicable §3553(a) factor.

The crack guideline's §3553(a) related problems are well known and well documented. In <u>Kimbrough v. United States</u>, the United States Supreme Court identified three major issues associated with the differential treatment of crack and powder offenders, which under the old guideline "yield[ed] sentences for crack offenses three to six times longer than those for powder offenses involving equal amount of drugs": (1) the disparity was based on "assumptions" about the relative harmfulness of the two drugs" that "more recent research and

data no longer support;"[1] (2) the disparity "leads to the anomalous result that retail crack dealers get longer sentences than the wholesale drug distributors who supply them with powder cocaine from which the crack is produces," and thus "is inconsistent with" Congressional policy to punish major drug dealers more severely than low-level dealers;[2] and (3) the disparity "fosters disrespect for and lack of confidence in the criminal justice system because of a widely-held perception that it promotes unwarranted disparity based on race."[3] The Court also cited the Commission's own conclusions that this disparate treatment of crack offenders was "generally unwarranted" and "fail[ed] to meet the sentencing objectives set forth by Congress in both the Sentencing Reform Act and the 1986 Act."[4]

---

1. <u>Kimbrough</u>, 128 S.Ct at 568 (citing U.S.S.C. Report to Congress: Cocaine and Federal Sentencing Policy at 8 (May 2007) ("2007 Crack report")).

2. Id. (citing U.S.S.C., Special Report to Congress: Cocaine and Federal sentencing Policy at 66-67, 174 (Feb 1995) ("1995 Crack Report")).

3. Id. (citing 2002 Crack Report at 103).

4. Id at *567-68 (citing 1995 Crack Report at 1 & 2002 Crack Report at iv, 91).

Importantly, the amended guideline does not fully rectify these problems. Quoting the Commission, the Supreme Court wrote that the "modest amendment [still] yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder,"[5] and the Commission has recommended that the ration be "substantially reduced."[6] It also noted that the Commission has described the amendments as "only...a partial remedy' for the problems generated by the crack/powder disparity."[7] And the Court found that "[t]he amended guidelines still produce sentencing ranges keyed to the mandatory minimums in the 1986 Act," which was the source of the problems associated with the crack guideline in the first place.[8] The guideline as amended "now advances a crack/powder ratio that varies (at different offense levels) between 25 to 1 and 80 to 1," and the Commission has recommended a ratio of, at most, 20 to 1.[9]

---

5. Id at 569 (citing Amendments to the Sentencing Guidelines for U.S. Courts, 72 Fed reg. 29571-72 (2007)).

6. Id at 568 (citing 2002 Crack Report at viii).

7. Id. at 569 (citing 2007 Crack Report at 10).

8. Id. at 569 n.10; see also id. at 566-67 (noting that the Commission "did not use...[an] empirical approach in developing the guidelines sentences for drug-trafficking offenses" but rather "employed the 1986 Act's weight-driving scheme" and adopted the crack/powder disparity "in line with the 1986 Act").

9. Id at 573; see also id at 569 (citing recommendations from 1995 Crack Report (1 to 1 ratio), 1997 Crack Report

In sum, the United States Supreme Court in Kimbrough, 128 S.Ct 566-69 (2007) and Gall, 128 S.Ct 595-96 (2007), held that, judges can consider the unfairness of the 100 to 1 ratio between crack cocaine and powder cocaine sentences, and may impose a sentence below the crack guideline in cases where the guideline sentence is too severe.

Because the amended guideline still results in sentences that are based on an unwarranted disparity and fails to serve the purpose of sentencing, a District Court cannot automatically assume - as the Commission would have it - that a sentence under the amended guideline satisfies §3553(a). Therefore, this Court has a statutory obligation to consider the applicable §3553(a) factors when imposing a new sentence under §3582(c)(2).

In this case, the newly reduced drug weight offense level from thirty-two (32) to thirty (30), and adjustments totaling an offense level of twenty-seven (27), results in a new sentencing range.

---

cont... (5 to 1 ratio) and 2002 Crack Report (20 to 1 ratio)).

## II. POST REHABILITATION BEHAVIOR

Defendant Gambaro belives that, a modification of his sentence should now be determine in accordance with the factors set forth in §3553(a), as directed by 18 U.S.C. §3582.

A Federal District Court does not abuse its discretion by considering, as a factor in which to possibly base a downward departure from the sentencing range, defendant's post-rehabilitation conduct.

The Defendant Gambaro believes that, a downward departure is authorized under U.S.S.G. §5K2.0, deriving from the authority granted to the District Courts by the United States Supreme Court in Koon v. United States, 518 U.S. 81, 116 S.Ct 2035, 135 L.Ed 2d 392 (1996).

Other Courts which have addressed this issue in other Circuits, have, for the most part, agreed that this ground is a permissible ground for downward departure from the U.S.S.G. See, United States v. Hasan, 205 F.3d 1072 (8th Cir. 2000)

The following points are intended to guide this Honorable Court in its analysis of the instant application:

### A. DOWNWARD DEPARTURE FOR POST-REHABILITATION CONDUCT IS AUTHORIZED BY U.S.S.G. §5K2.0 & kOON v. UNITED STATES.

#### i. GOVERNING LAW

U.S.S.G. §5K2.0 states in relevant part:

"...under 18 U.S.C. §3553(b) the sentencing Court may impose a sentence outside the range established by the applicable guidelines, if the Court finds that there exist a...mitigating circumstance of a kind, or to a degree, not adequately taken into account by the sentencing Commission in formulating the guidelines that should

result in a sentence different from that described. (internal citations and quotations omitted).

As the Supreme Court noted in Koon, supra, §5K2.0 is designed to allow the District Court to "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and the punishment to ensue." Id. at 116 S.Ct 2053.

The guidelines themselves make clear that a Court should consider in every case, not only in rare circumstances, whether a downward departure is appropriate, and absent express prohibition, a sentencing Court is free to consider in the unusual case whether or not the factors are present in kind or to a degree to warrant departure.

In other words, a sentencing Court is free to downward depart from an otherwise applicable guideline range provided that it does not depart on forbidden grounds. Those forbidden grounds cited by the Supreme Court are drug or alcohol dependence or abuse, race, sex, creed, religion, socio-economic status, national origin, lack of youthful guidance and similar circumstances, and economic hardship. Aside from the above mentioned factors, Koon makes clear that a Court may not categorically exclude the consideration of any one factor, thus, to do so would limit the policy making authority vested in the U.S.S.C. Id. at 116 S.Ct 2050. (quoting 1995 U.S.S.G., Chapter 1, Part A, Introductory Comment, 4(b)).

In adopting the test composed by the First Circuit in the case of United States v. Rivera, 994 F.2d 942,949 (CA1 1993), the Supreme Court held that a sentencing Court considering a departure, should inquire (1) what features of this case, potentially, take it outside the guidelines heartland and make it special or unusual (2) has the Sentencing Commission forbidden departures based on those features.

During the formulation of the U.S.S.G., post-rehabilitation conduct was not considered at all. It is not within the purview of the forbidden factors for departures recited by the Supreme Court in Koon; it is a ground which is neither encouraged nor discouraged. In fact, the Courts which have considered and addressed this issue, have agreed that is authorized by Koon and 5K2.0. See, United States v. Brock, 108 F.3d 31 (4th Cir. 1997).

The Brock Court held that, their earlier decision in Van Dyke, 895 F.2d 984,986-87 (4th Cir. 1990) was clearly overruled by Koon. ("the Sentencing Commission has not expressly forbidden consideration of post-rehabilitation efforts; thus, they potentially may serve as a basis for departure.") Brock, at 35.

In deciding whether to grant downward departure based on post-conviction-rehabilitation efforts, sentencing Court is required on remand to determine whether efforts where remarkable and indicated real, positive behavioral change is required to set forth specific findings concerning efforts demonstrating degree of acceptance of responsibility expressed

by post offense rehabilitation, that was substantially in excess of that ordinarily present.

In the case at bar, it is submitted that as an adult, Richard Gambaro has struggled to succeed in enhancing the measure of his intelligence capacity. Early data from school officials, portray Gambaro as an intellectual handicapped.

It is interested to note that, during sentencing, the Court denied Gambaro's petition for downward departure, based on numerous combination of factors, specifically, diminished capacity , which records reflected Gambaro's need for special education designation, due to his inability to achieve the grades required by the Providence School Department.

Special attention is now directed toward the overall performance of Gambaro while at FCI Fairton, at the age of twenty-three (23) and twenty-eight (28), a period of nearly sixty-five (65) months.

While primarily behavioral modification has level to what is required in a human being, it is clear that Richard Gambaro made significantly gains cognitively in important areas: general information, communication, vocational and educational. The latter, having accumulated approximately 400 hours towards his High School Equivalency Diploma (GED), moving up nearly nine (9) grade levels in sixty-five (65) months. Furthermore, in the behavioral sphere, the opinion of FCI Fairton Officials is that, Richard Gambaro has responded well when rules and regulations were clearly defined.

Richard Gambaro has been incarcerated for the past 84 months, and has accomplished numerous educational and vocational programs, that when looked as a whole, demonstrates his persistence in reintegrating back into society as a law and abiding citizen.

In addition, Gambaro has been employed with the Federal Prison Industry, also known as "Unicor", a non-profit corporation from the Department of Justice, federal Bureau of Prisons, which makes goods and facilitates services, by meeting contracts, that are the primary tools of the Department of Defense in the war front. Gambaro has been employed with Unicor-Fairton Industry location, for the past 18 months, having completed soldering certification [J-STD 001] and accelerated grade promotions.

Gambaro has shown increased maturity by striving to obtain a GED and earning additional educational and vocational training. These factors, defendant Gambaro believes, present sufficient "unusual circumstances" to permit this Honorable Court to depart downward.

BASED ON THE ABOVE, Defendant, Richard Gambaro, respectfully requests this Court to modify his sentence pursuant to the authority vested in 18 U.S.C. §3582(c)(2), in accordance with the factors set forth in §3553(a).

**Respectfully Submitted**

Richard Gambaro

Richard Gambaro, Pro Se
Fed Reg# 05090-070
FCI Fairton

# AFFIDAVIT OF SERVICE

I, Richard Gambaro, being duly sworn deposes and says under penalty of perjury:

I have placed and submitted the within:
MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 3582(c)(2)

And copies of the moving papers, to the following parties in this action, to be mailed via, the United States Postal Service, by placing the same in the mail box located at Fairton Correctional Institution, P.O. Box 420, Fairton, New Jersey, 08320, on the 06 day of March, 2008.

Parites to who the above have been sent are as follows:

United States District Court
for the District of Rhode Island
Office of the Clerk
Providence, Rhode Island 02903-1779

United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Flr
Providence, Rhode Island 02903

Richard Gambaro

Respectully Submitted

Richard Gambaro
Fed Reg# 05090-070
FCI Fairton

**SWORN TO ME BEFORE THIS**
**6 DAY OF Feb, 2008**

THOMAS R. LESOSKY
NOTARY PUBLIC
STATE OF NEW JERSEY
COMM. ID 2318068
MY COMMISSION EXPIRES AUG. 9, 2009

NOTARY PUBLIC

```
  FAIUW           *             INMATE EDUCATION DATA          *     01-17-2008
PAGE 001          *    PROGRAM REVIEW / WITHDRAWAL INTERVIEW   *     16:55:02

REGISTER NO: 05090-070      NAME..: GAMBARO                          FUNC: DIS
FORMAT.....: REVIEW         RSP OF: FAI-FAIRTON FCI

 ---------------------------  LITERACY PROGRAM  ----------------------------------
01-17-2008 /REVIEW /VBT                 /FAI
                  TYPE: OTHER           (SHOWS IMPROVEMENT                  )
12-27-2007 /REVIEW /VBT                 /FAI
                  TYPE: OTHER           (343 FAI HRS TO DATE.               )
                                        (INCONSISTENT WITH EFFORT           )
06-14-2007 /REVIEW /DC                  /FAI
                  TYPE: OTHER           (TO DATE, INMATE HAS 288 HOURS      )
                                        (WITH ME                            )
04-02-2007 /REVIEW /DC                  /FAI
                  TYPE: OTHER           (DEPENDS ON THE DAY.  HE CAN        )
                                        (DO THE WORK.                       )
01-17-2007 /REVIEW /VBT                 /FAI
                  TYPE: OTHER           (SHOWS IMPROVEMENT                  )
10-15-2006 /REVIEW /DC                  /FAI
                  TYPE: 240 HOURS       (HAS COMPLETED MAND. TIME           )

G0002        MORE PAGES TO FOLLOW . . .
```

```
  FAIUW          *           INMATE EDUCATION DATA           *     01-17-2008
PAGE 002         *    PROGRAM REVIEW / WITHDRAWAL INTERVIEW  *     16:55:02

REGISTER NO: 05090-070       NAME..: GAMBARO                 FUNC: DIS
FORMAT.....: REVIEW          RSP OF: FAI-FAIRTON FCI

 ---------------------------  LITERACY PROGRAM  ------------------------------
09-26-2006 /REVIEW /JT                /FAI
09-26-2006 /REVIEW /JT                /FAI
                  TYPE: OTHER         (SWITCH RD#1/8-10A TO GED0800R )
                                      (FOR GED EP SIX HOUR MANDATE   )
08-23-2006 /REVIEW /JT                /FAI
                  TYPE: OTHER         (SWITCH RD#2/1000A TO RD#1/8-10)
                                      (DUE TO GROUPING READING LEVELS)
07-05-2006 /REVIEW /EF                /FAI
                  TYPE: OTHER         (STUDENT HAS 194 HOURS OF CLASS)
                                      (ROOM INSTRUCTION.             )
06-28-2006 /REVIEW /JT                /FAI
                  TYPE: OTHER         (TABE 9/10 LOCATOR; READING: E;)
                                      (MATH: E; LANGUAGE: E          )
04-01-2006 /REVIEW /EF                /FAI
                  TYPE: OTHER         (STUDENT CONTINUES TO WORK ON H)

G0002        MORE PAGES TO FOLLOW . . .
```

```
  FAIUW          *            INMATE EDUCATION DATA            *     01-17-2008
PAGE 003         *    PROGRAM REVIEW / WITHDRAWAL INTERVIEW    *     16:55:02

REGISTER NO: 05090-070      NAME..: GAMBARO                    FUNC: DIS
FORMAT.....: REVIEW         RSP OF: FAI-FAIRTON FCI

 ---------------------------  LITERACY PROGRAM  ----------------------------
04-01-2006 /REVIEW /EF            /FAI
                                  (OM INSTRUCTION.                    )
12-31-2005 /REVIEW /EF            /FAI
                  TYPE: OTHER     (STUDENT HAS 112 FAIRTON HRS        )
12-15-2005 /REVIEW /EF            /FAI
                  TYPE: OTHER     (STUDENT IN SEGREGATION MOST OF)
                                  (REVIEW PERIOD                      )
10-20-2005 /REVIEW /EF            /FAI
                  TYPE: OTHER     (WORKING ON HIS READING SKILLS )
                                  (GOOD EFFORT                        )
08-09-2005 /REVIEW /JT            /FAI
                  TYPE: OTHER     (SWITCH FROM MR. DENNIS TO          )
                                  (MR. FAICHNEY READING CLASS         )
06-07-2005 /REVIEW /DLD           /FAI
                  TYPE: OTHER     (PLACED IN SEGREGATION              )

G0002        MORE PAGES TO FOLLOW . . .
```

```
  FAIUW          *             INMATE EDUCATION DATA              *      01-17-2008
PAGE 004         *     PROGRAM REVIEW / WITHDRAWAL INTERVIEW      *      16:55:02

REGISTER NO: 05090-070      NAME..: GAMBARO                        FUNC: DIS
FORMAT.....: REVIEW         RSP OF: FAI-FAIRTON FCI

 --------------------------  LITERACY PROGRAM  ------------------------------
06-07-2005 /REVIEW /DLD            /FAI
                                   (HAS 70 FAI GED HOURS                    )
05-12-2005 /REVIEW /DLD            /FAI
                 TYPE: OTHER       (WRITING PARAGRAPHS-ESSAYS               )
                                   (MULTIPLICATION                          )
03-12-2005 /REVIEW /DLD            /FAI
                 TYPE: OTHER       (HOUSED IN SEGREGATION                   )
02-12-2005 /REVIEW /DLD            /FAI
                 TYPE: OTHER       (HOUSED IN SEGREGATION                   )
01-12-2005 /REVIEW /DLD            /FAI
                 TYPE: OTHER       (HOUSED IN SEGREGATION                   )
12-16-2004 /REVIEW /OTHER          /FAI
                 TYPE: OTHER       (OBTAINED 65 HOURS                       )
                                   (MAKING GOOD PROGRESS                    )
11-05-2004 /REVIEW /DLD            /FAI

G0002        MORE PAGES TO FOLLOW . . .
```

```
  FAIUW          *             INMATE EDUCATION DATA            *      01-17-2008
PAGE 005         *    PROGRAM REVIEW / WITHDRAWAL INTERVIEW     *      16:55:02

REGISTER NO: 05090-070       NAME..: GAMBARO                         FUNC: DIS
FORMAT.....: REVIEW          RSP OF: FAI-FAIRTON FCI

 ---------------------------  LITERACY PROGRAM  -----------------------------
11-05-2004 /REVIEW /DLD            /FAI
                  TYPE: OTHER      (WORKING VOCABULARY DEVELOPMENT)
10-20-2004 /REVIEW /DLD            /FAI
                  TYPE: OTHER      (6 MONTH PROGRESS REVIEW        )
09-20-2004 /REVIEW /DLD            /FAI
                  TYPE: OTHER      (STRUCTURAL ANALYSIS            )
08-02-2004 /REVIEW /DLD            /FAI
                  TYPE: OTHER      (MASTERING VOWELS SOUNDS        )
                                   (WORD RECOGNITION               )
07-12-2004 /REVIEW /DLD            /FAI
                  TYPE: OTHER      (AWARDED DICTIONARY             )
                                   (GOOD STUDENT                   )
06-12-2004 /REVIEW /DLD            /FAI
                  TYPE: OTHER      (MAKING GOOD PROGRESS           )
05-12-2004 /REVIEW /DLD            /FAI

G0002        MORE PAGES TO FOLLOW . . .
```

```
  FAIUW          *              INMATE EDUCATION DATA             *      01-17-2008
PAGE 006         *    PROGRAM REVIEW / WITHDRAWAL INTERVIEW       *      16:55:02

REGISTER NO: 05090-070       NAME..: GAMBARO                       FUNC: DIS
FORMAT.....: REVIEW          RSP OF: FAI-FAIRTON FCI

 --------------------------- LITERACY PROGRAM ----------------------------
05-12-2004 /REVIEW /DLD                /FAI
                  TYPE: OTHER          (PROMOTED TO ADVANCED READING  )
04-12-2004 /REVIEW /DLD                /FAI
                  TYPE: OTHER          (STARTED INTERMEDIATE READING  )
03-10-2004 /REVIEW /DLD                /FAI
                  TYPE: OTHER          (DIRECTED READING              )
                                       (ASSESSED MASTERED SKILLS      )
02-10-2004 /REVIEW /DLD                /FAI
                  TYPE: OTHER          (DIRECTED READING              )
                                       (BLUE BOOK SERIES              )
01-10-2004 /REVIEW /DLD                /FAI
                  TYPE: OTHER          (DIRECTED READING              )
01-07-2004 /REVIEW /JT                 /FAI
                  TYPE: OTHER          (GED EP; TESTING AND EDUCATION )
                                       (INFORMATION IN SLN FOLDER     )

G0002        MORE PAGES TO FOLLOW . . .
```

```
  FAIUW          *            INMATE EDUCATION DATA            *      01-17-2008
PAGE 007 OF 007 *    PROGRAM REVIEW / WITHDRAWAL INTERVIEW     *      16:55:02

REGISTER NO: 05090-070       NAME..: GAMBARO                        FUNC: DIS
FORMAT.....: REVIEW          RSP OF: FAI-FAIRTON FCI

 ---------------------------  LITERACY PROGRAM  ---------------------------
12-11-2003 /REVIEW /KL               /FAI
12-11-2003 /REVIEW /KL               /FAI
                  TYPE: OTHER        (TRIES HARD BUT HAS PROBLEMS W/)
                                     (WORK.PUT IN SPEC. ED CLASS    )
11-22-2003 /REVIEW /JT               /FAI
                  TYPE: INITIAL      (ENROLL IN GED                 )

 ----------------------------  OTHER PROGRAM  ------------------------------
10-22-2002 /REVIEW /MSS              /FAI
                  RMKS: PROGRAM      (TEAM                          )
                  TYPE: OTHER        (RECOMMEND: GED, ACE, WELLNESS )


G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

**UNICOR**

*Fairton, N. J.*
*Electronic Cable Factory*

# *Certificate Of Training*

## *Richard Gambaro*

*Has successfully completed the*
*Industrial Training Course*

*J-STD-001*

***Requirements For Soldering Electrical***
***And Electronic Assemblies***

***Date:*** ***08 JAN 31***

| | | |
|---|---|---|
| CLAUDE L. RUCKER | RODNEY L. KARR | THOMAS M. SMALLWOOD |
| **IPC INSTRUCTOR** | **SOI & E** | **QA MANAGER** |